UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
JORDAN RANDOLPH,

                Plaintiff,     MEMORANDUM & ORDER

  - against -                10-cv-1765 (KAM)(LB)

NORMAN BEZIO, Director of Special
Housing; ANNA CALERO, Commissioner
Hearing Officer; D. JONES, Correctional
Officer, in their Official and
Individual Capacities,

                Defendants.
- - - - - - - - - - - - - - - - - - - - X
MATSUMOTO, UNITED STATES DISTRICT JUDGE:

      *Pro se* plaintiff filed the instant action on April 5, 2010. For the reasons set forth below, plaintiff's complaint is dismissed with prejudice.

## BACKGROUND

      On April 5, 2010, plaintiff Jordan Randolph ("plaintiff") commenced this *pro se* action against Norman Bezio ("Bezio"), Anna Calero ("Calero"), and D. Jones ("Jones") (collectively, "defendants"), alleging violations of his due process rights pursuant to 42 U.S.C. § 1983. (*See generally* ECF No. 1, Complaint ("Compl."); ECF No. 26, Amended Complaint, ("Am. Compl.")). Plaintiff sought monetary damages based on his claim that he was deprived of a fair disciplinary hearing and appeal before being found guilty of various prison infractions

1

in connection with his refusal to comply with an order from a correctional officer during his incarceration.  (*See* Am. Compl. at ¶¶ 85-128, 133-34.)

Although this action commenced more than seventeen months ago, it has made remarkably little progress toward resolution.  On September 7, 2010, in accordance with the undersigned's chamber practices, Bezio and Jones filed a letter requesting a pre-motion conference to discuss their proposed motion to dismiss.[1]  (ECF No. 23, Motion for Pre-Motion Conference by Bezio and Jones.)  During the ensuing pre-motion conference, the court adopted the following briefing schedule for defendants' motion to dismiss:  defendants were to serve a copy of their motion on plaintiff by September 30, 2010; plaintiff was to serve a copy of his response on defendants by October 29, 2010; and (c) defendants were directed to serve a copy of their reply on plaintiff, and file the fully briefed motion via the Electronic Case Filing ("ECF") System by November 12, 2010.  (*See* Order dated 9/20/10.)  The next day, plaintiff filed an amended complaint, and Bezio and Jones served plaintiff with a copy of the court's scheduling order.  (*See* Am. Compl., dated 9/21/10; ECF No. 25, Declaration of Service, dated 9/21/10.)

---

[1] Calero did not join any motions of her co-defendants until November 1, 2010, when she was properly served with the supplemental summons and amended complaint.  (*See* ECF No. 33, Supplemental Summons, dated 11/19/10.)

2

By letter dated November 12, 2010, Bezio and Jones advised the court that they had served plaintiff with their motion to dismiss on September 30, 2010, as the court ordered, but that they had not yet received any response from plaintiff. (*See* ECF No. 31, Letter from Christina Okereke, dated 9/30/10.) On November 16, 2010, the court issued an order granting plaintiff "one last opportunity, until 12/7/10, to serve a response to defendants' motion to dismiss," and setting a new briefing schedule. (*See* Order dated 11/16/10.) In that order, the court also warned that "[i]f plaintiff fails to serve a response by this deadline, the court will grant the defendants[] leave to file the unopposed motion for a ruling." (*Id*.) Bezio and Jones served plaintiff with a copy of the court's order on November 17, 2010. (*See* ECF No. 32, Declaration of Service, dated 11/17/10.) By letter dated November 30, 2010, plaintiff requested an extension of time to file an opposition and informed the court that he had been delayed in responding to defendants' motion due to his difficulty in receiving a copy of the motion. (*See* ECF No. 34, Motion for Extension of Time to File Response, dated 11/30/10.) The next day, the court granted plaintiff's request and directed plaintiff to file his opposition by January 31, 2011. (*See* Order dated 12/1/10.) On December 22, 2010, after Calero had been properly served with process, the court amended the previous briefing schedule to

allow the submission of supplemental motion papers to address the claims against Calero, but maintained the January 31, 2011 deadline for plaintiff's filing of opposition papers to all defendants' motions to dismiss. (*See* Order dated 12/22/10.) Defendants served plaintiff with a copy of the court's order on December 29, 2010. (*See* ECF No. 37, Declaration of Service, dated 12/29/10.)

On February 14, 2011, two weeks after plaintiff's opposition papers were due, defendants advised the court by letter that they had not yet received any submissions from plaintiff. (*See* ECF No. 39, Letter from Christina Okereke, dated 2/14/11.) The next day, defendants filed their unopposed motions to dismiss. (*See* ECF No. 40, Motion to Dismiss the Amended Complaint by Bezio and Jones; ECF No. 44, Supplemental Motion to Dismiss the Amended Complaint by Calero.) The court issued an order on February 25, 2011, acknowledging its receipt of defendants' February 14, 2011 letter, and announcing its intent to decide the motions to dismiss without considering opposition papers. (*See* Order dated 2/25/11.) Defendants served plaintiff with a copy of the court's order on February 28, 2011. (*See* ECF No. 49, Declaration of Service, dated 2/28/11.)

4

On August 10, 2011, having observed that over eight months had passed since plaintiff's last activity in this action, the court issued the following order:

> ORDER TO SHOW CAUSE. The plaintiff is hereby ordered to show cause in writing no later than 8/24/2011 why his case should not be dismissed for failure to prosecute; for failure to comply with court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and/or for the reasons set forth in the defendants' motions to dismiss this case. If the plaintiff fails to show cause in writing by 8/24/2011, the Court is likely to dismiss this action. Defendants shall serve the plaintiff with a copy of this order and file a declaration of service by 8/11/2011. Ordered by Judge Kiyo A. Matsumoto on 8/10/2011. (Chang, Emily) (Entered: 08/10/2011)

Defendants served plaintiff with a copy of this order on August 10, 2011. (*See* ECF No. 50, Declaration of Service, dated 8/10/11.)

## **STANDARD**

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its

5

sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

6

All five factors weigh in favor of dismissal. First, plaintiff has neither advanced his claims nor opposed defendants' motion to dismiss. Instead, plaintiff allowed his case to lie dormant with no activity on his part since his request for an extension to file opposition papers over nine months ago. That length of time is sufficient to justify dismissal. *See e.g., Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *8-9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more). Second, plaintiff repeatedly was given notice that further inactivity could lead to defendants' motion to dismiss being deemed unopposed, and dismissal based on defendants' unopposed motion and for failure to prosecute. (*See* Orders dated 11/16/10; 2/25/11; and 8/10/11.) Moreover, the court specifically ordered plaintiff to show cause why his complaint should not be dismissed for failure to prosecute. (*See* Order dated August 10, 2011.) Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, this dormant case has remained on the court's docket for almost ten months and there is no indication that plaintiff will move it forward in the future. Finally, no lesser sanction than dismissal is likely to

be effective in light of plaintiff's failure to respond to defendants' motion to dismiss or to the court's orders directing plaintiff to take action on pain of possible dismissal.

### CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed with prejudice. Counsel for defendants is respectfully requested to serve a copy of this Memorandum and Order on *pro se* plaintiff and file a declaration of service on the docket. The Clerk of Court is respectfully requested to enter judgment for defendants and close this case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 19, 2011

                                          _____/s/_____
                                          **KIYO A. MATSUMOTO**
                                          United States District Judge
                                          Eastern District of New York